**Entered on Docket
November 16, 2009**

_____
Hon. Bruce A. Markell
United States Bankruptcy Judge

**WILDE & ASSOCIATES**
Gregory L. Wilde, Esq.
Nevada Bar No. 004417
208 South Jones Boulevard
Las Vegas, Nevada 89107
Telephone: 702 258-8200
bk@wildelaw.com
Fax: 702 258-8787
and
MARK S. BOSCO, ESQ.
Arizona Bar No. 010167
TIFFANY & BOSCO, P.A.
2525 East Camelback Road, Suite 300
Phoenix, Arizona 85016
Telephone: (602) 255-6000
HSBC Bank USA, National Association, as Trustee for NAAC Mortgage Pass-Through Certificates, Series 2007-1
09-72784

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEVADA

| | |
|---|---|
| In Re: | BK-09-16449-bam |
| David E. Taliaferro | Date: 10/27/2009<br>Time: 1:30pm |
| Debtor. | Chapter 13 |

## ORDER VACATING AUTOMATIC STAY

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Automatic Stay in the above-entitled bankruptcy proceedings is immediately vacated and extinguished for all purposes as to Secured Creditor HSBC Bank USA, National Association, as Trustee for NAAC Mortgage Pass-Through Certificates, Series 2007-1, its assignees and/or successors in interest, of the subject property, generally described as 10209 Crystal Cloud Ave., Las Vegas, NV 89129, and legally described as follows:

> PARCEL ONE (I):
> Lot Nine (9) in Block Two (2) of CHEYENNE/HUALAPAI UNIT 3, as shown by map thereof on file in Book 86 of Plats, Page 49, in the Office of the County Recorder of Clark County, Nevada.
> PARCEL TWO (2):
> A non-exclusive easement of ingress and egress, and of use and enjoyment in, to and over the Master Association property as set forth in the Master Declaration of Covenants, Conditions and Restrictions and Reservation of Easements for SHADOW HILLS recorded June II, 1998 in Book 980611 as Document No. 00990, and in, to and over the common clements as set forth in the Declaration of Covenants, Conditions and Restrictions and Reservation of Easements for GRANDVIEW recorded December 14,1998 in Book 981214 as Document No. 00966 as the same from time to time be amended and/or supplemented, and as shown and delineated on the Amended Plat of a portion of CHEYENNE/HUALAI'AI UNIT 3 (Book 86 of Plats, Page 49), all in the Office of the County Recorder of Clark County, Nevada, which easement is appurtenant to Parcel One (I).

IT IS FURTHER ORDERED, ADJUDGED and DECREED that the Secured Creditor shall give Debtors at least five business days' notice of the time, place and date of sale.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Secured Creditor hereby withdraws its secured Proof of Claim filed in this matter. The Secured Creditor shall notify the Trustee of the completion of the foreclosure sale. If applicable, Secured Creditor may thereafter amend its secured Proof of Claim to an unsecured Proof of Claim no later than forty-five (45) days after the foreclosure sale.

IT IS FURTHER ORDERED that in the event a Notice of Default has been recorded against this particular property there can be no sale for sixty (60) days, allowing the Debtor(s) to submit a copy of this Order to the State of Nevada, Foreclosure Mediation Program, and the Order will be construed as an

agreement between the Secured Creditor and Debtor(s) that they have voluntarily agreed to a mediation under the Nevada State Foreclosure Mediation Program pursuant to Rule 6 of said program. The necessary information can be accessed at http://www.nevadajudiciary.us/.

    IT IS FURTHER ORDERED there shall be no foreclosure sale held prior to December 28, 2009.

DATED this _____ day of _____, 2009.

Submitted by:
WILDE & ASSOCIATES

By _____
GREGORY L. WILDE, ESQ.
Attorney for Secured Creditor
208 South Jones Boulevard
Las Vegas, Nevada 89107

APPROVED / DISAPPROVED

_____
David Krieger
1020 Garces, Suite 100
Las Vegas, NV 89101
Attorney for Debtor(s)

APPROVED / DISAPPROVED

_____
Kathleen A. Leavitt
201 Las Vegas Blvd. So., #200
Las Vegas, NV 89101
Chapter 13 Trustee

**ALTERNATIVE METHOD RE: LOCAL RULE 9021:**

In accordance with Local Rule 9021, the undersigned counsel certifies as follows (check one):

\_\_\_\_ The court waived the requirements of LR 9021.

\_\_\_\_ No parties appeared or filed written objections, and there is no trustee appointed in the case.

\_X\_ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and any trustee appointed in this case, and each has approved or disapproved the order, or failed to respond, as indicated below (list each party and whether the party has approved, disapproved, or failed to respond to the document):

(List Parties)

Debtor's counsel:

\_\_\_\_ approved the form of this order          \_\_\_\_ disapproved the form of this order

\_\_\_\_ waived the right to review the order and/or   \_X\_ failed to respond to the document

\_\_\_\_ appeared at the hearing, waived the right to review the order

\_\_\_\_ matter unopposed, did not appear at the hearing, waived the right to review the order

Trustee:

\_\_\_\_ approved the form of this order          \_\_\_\_ disapproved the form of this order

\_\_\_\_ waived the right to review the order and/or   \_X\_ failed to respond to the document

Other Party:_____

\_\_\_\_ approved the form of this order          \_\_\_\_ disapproved the form of this order

\_\_\_\_ waived the right to review the order and/or   \_\_\_\_ failed to respond to the document

Breach Order:

\_\_\_\_ This is an Order Vacating the Stay after the Failure to cure a Declaration of Breach. Copies of this proposed order were transmitted to Debtor's counsel and appointed trustee to which they have not replied

Submitted by:
/s/ Gregory L. Wilde, Esq.
Gregory L. Wilde, Esq.
Attorney for Secured Creditor